UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

Criminal Case No. 2:18-cr-20302-1
Civil Case No. 2:20-cv-11209

v.

HONORABLE STEPHEN J. MURPHY, III

AARON WRIGHT,

        Defendant/Petitioner.
                                            /

**OPINION AND ORDER
DENYING MOTION TO AMEND OR ALTER JUDGMENT [73]**

The Court dismissed Defendant's motion to vacate his sentence under 28 U.S.C. § 2255. ECF 71. The Court also denied a certificate of appealability. *Id.* at 928. Defendant, through counsel, then timely moved to amend or alter judgment under Federal Rule of Civil Procedure 59(e). ECF 73. In the motion, Defendant argued that the Court erred when it denied the first claim that his counsel was ineffective for failing to produce certain mitigating evidence at his sentencing. *Id.* at 932–37. Because Defendant believed that he proved both prongs of the ineffective assistance of counsel claim, Defendant believed the Court should amend the judgment and grant the motion to vacate on that claim. *Id.* at 937. Defendant alternatively argued that the Court should at least grant a certificate of appealability. *Id.* at 937–39. For the reasons below, the Court will deny the motion to amend or alter judgment.

1

## BACKGROUND

In the interest of judicial economy, the Court will incorporate the factual background detailed in the opinion and order denying the motion to vacate. ECF 71, PgID 917–19.

## LEGAL STANDARD

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). The Court may properly analyze a Rule 59(e) motion as a motion for reconsideration under Local Rule 7.1(h). *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *see also Allen v. Howes*, No. 05-10304, 2009 WL 838591, at *1 (E.D. Mich. Mar. 30, 2009).

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the [C]ourt . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Court will not grant a motion for reconsideration if it "merely present[s] the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (citation omitted).

## DISCUSSION

The Court will first address Defendant's argument that the Court palpably erred when it denied the first ineffective assistance of counsel claim. After, the Court will address the certificate of appealability denial.

I.  Ineffective Assistance of Counsel Claim

"Defendants alleging the ineffective assistance of counsel bear 'a heavy burden of proof.'" *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (quoting *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005)). To succeed on an ineffective assistance of counsel claim, Defendant must show: (1) that his counsel's representation "fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Defendant claimed that the Court palpably erred under both *Strickland* prongs. The Court will address each alleged error in turn.

A.  *First Prong*

To show that the performance of Defendant's counsel, Mr. Alvin Keel, "fell below an objective standard of reasonableness," Defendant pointed out in the motion to vacate that Mr. Keel did not present the Court with statistics about prisoner life expectancy. ECF 64, PgID 759–60. The Court rejected the argument because Defendant could not "overcome the strong presumption that Mr. Keel rendered effective assistance." ECF 71, PgID 921. The Court offered two reasons why Defendant could not meet that burden. First, Mr. Keel argued persuasively, without

3

statistics, that placing Defendant in prison for a forty-five-year sentence would not adequately protect the public because Defendant would likely die in prison. *Id.* And second, the study that Defendant claimed Mr. Keel should have offered had at least four major methodological flaws. *Id.* at 921–22.

In the present motion, Defendant claimed that the Court focused too much on that study (the Patterson study) and did not address the other studies presented in the motion. ECF 73, PgID 933–35. But the argument misses the point for three reasons.

First, the Patterson study was the principal study that Defendant highlighted in his motion to vacate. *See* ECF 64, PgID 763–64.[1] After all, Defendant submitted an affidavit from Mr. Keel concluding that he "is now aware that the Court could have been presented with a study by Professor Evelyn Patterson of Vanderbilt University." ECF 64-1, PgID 777. What is more, Defendant submitted his own affidavit highlighting the same importance of the Patterson study. ECF 64-2, PgID 782 ("[C]ounsel has informed me of a study done by Professor Evelyn Patterson of Vanderbilt University."). Those affidavits mentioned no other studies. *See* ECF 64-1; 64-2. And, out of all the studies mentioned in the motion, the only study attached as an exhibit was the Patterson study. ECF 64-6. The Court prudently identified the

---

[1] Defendant asserted that the Court misunderstood his argument to be that he relied "exclusively on the Patterson study." ECF 73, PgID 933. The Court's order never suggested that Defendant relied on that study exclusively. Instead, the order simply stated, "[t]he study that Defendant relied on [was the Patterson study.]" ECF 71, PgID 921. The Court's order addressed the importance of the Patterson study to Defendant's motion, and accordingly gauged it significant enough to conduct an in-depth analysis of the study.

4

Patterson study's methodological flaws because it was the principal study Defendant relied on in his motion.

Second, the Court implicitly addressed the difficulty of relying on the other studies that Defendant mentioned in the motion to vacate. ECF 71, PgID 922 n.1 (citing *Kitchen v. Whitmer*, 486 F. Supp. 3d 1114, 1125–26 (E.D. Mich. 2020)). All the issues identified in Judge Michelson's order reflect the Court's judgment that if Mr. Keel presented life expectancy statistics, those studies "would have stymied Mr. Keel's otherwise compelling argument." *Id.* at 922. Because Defendant cannot show that the Court was misled, Defendant is merely trying to rehash an old argument, and the Court will dismiss it. *See Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) ("[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments.") (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

And third, the objective standard of reasonableness to which Defendant believes Mr. Keel's performance should be held under *Strickland* is significantly higher than what is required by law. Consider Defendant's argument that Mr. "Keel's ineffective assistance consisted not of failing to present the Patterson study alone but of failing to present *all* the available statistics on diminished life expectancy for prisoners, including statistics specific to federal prisoners." ECF 73, PgID 935 (emphasis in original). The extreme nature of the argument is obvious. Under Defendant's standard, an attorney would always be ineffective if the attorney failed to present even one available study on prisoner life expectancy. And an excessive

5

standard like that one would hold attorneys to conduct well beyond what *Strickland* requires. *See Bobby v. Van Hook*, 558 U.S. 4, 9–12, (2009) (holding that a counsel's performance was not deficient when the counsel gathered a substantial amount of mitigating evidence and reasonably decided not to pursue more sources); *Strickland*, 466 U.S. at 699 ("[Counsel's] decision not to seek more character or psychological evidence than was already in hand was . . . reasonable.").

In all, the Court will reject Defendant's arguments because Mr. Keel presented sufficient mitigating evidence and, thus, his performance did not fall below the objective standard of reasonableness. As the Court observed:

> Mr. Keel rendered adequate assistance by arguing at sentencing that a 20-year sentence would adequately protect the public because Defendant was already 44 years old. ECF 57, PgID 673–74. Mr. Keel also highlighted that Defendant would likely die in prison if subjected to a 45-year sentence. *Id.* Mr. Keel did not need statistics to point out the obvious: Defendant's chances of living into his seventies and eighties would decrease as he aged.

ECF 71, PgID 921.

B. *Second Prong*

The Court also denied Defendant's motion to vacate under the second *Strickland* Prong because "Defendant mischaracterized why the Court sentenced him to a below-Guidelines sentence." ECF 71, PgID 922. In the present motion, Defendant continues to mischaracterize the Court's sentencing rationale by loosely quoting parts of the Court's statements to fit the narrative of his argument absent further context. *See* ECF 73, PgID 936. In mischaracterizing the Court's statements, Defendant

6

believes that the Court misapplied the second *Strickland* prong. *See id.* The Court will deny this argument because the Court did not palpably err.

As the Court explained in its order, to show prejudice under the second prong, Defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ECF 71, PgID 920 (quoting *Strickland*, 466 U.S. at 694).

In the order, the Court recalled that, at sentencing, the Court first found Defendant was entitled to a sentence below his Guidelines range of life in prison. ECF 71, PgID 923 (quoting ECF 57, PgID 690). "From there, the Court decided whether to sentence Defendant to the Government's requested sentence of 45 years in prison or 'somewhere less than that.'" *Id.* (quoting ECF 57, PgID 690). "The Court then noted that sentencing Defendant to 45 years in prison would have left Defendant in prison until he was eighty-nine years old, which, as Mr. Keel pointed out, would not further protect society." *Id.* (citing ECF 57, PgID 673–74, 691). In the end, the Court sentenced Defendant to 504 months in prison because:

> [T]he evidence showed "a level of anger and brutality and criminality toward the victims that [from the Court's] perspective [was] notable." ECF 57, PgID 689. The Court also noted that Defendant had used an elaborate computer and VPN to evade law enforcement while he committed his crimes. *Id.* at 689. The Court, however, recognized that a life sentence was improper because, at sentencing, Defendant showed a "deep sense of regret." ECF 57, PgID 690.

*Id.* at 918–19 (alterations in original).

The Court's order emphasized that "the Court found *only* that departing from the Guidelines was appropriate." *Id.* at 923 (emphasis in original). But Defendant

7

disagrees and claimed that cherry-picked statements at sentencing "do objectively import a desire not to impose *either* a de jure or a de facto life sentence." ECF 73, PgID 936 (emphasis in original). But, as the Court confirmed, based on a full review of the sentencing transcript, the Court never made that finding. To be sure, "the Court never found that a de facto life term was improper; the Court found only that a de jure life term was improper." ECF 71, PgID 923. Because no objective person would believe that the Court had a desire to avoid imposing a de facto life sentence, there was no reasonable probability that Defendant would have received a lower sentence had Mr. Keel presented life expectancy statistics. The Court will therefore deny the second argument because the Court did not palpably err.

II.     Certificate of Appealability

Defendant's alternative argument asked the Court to grant a certificate of appealability because "more than one result could plausibly be reached." ECF 73, PgID 938. Defendant also mentioned that his motion to vacate cited multiple cases that addressed the diminished life expectancy of prisoners. *Id.* at 938–39. Although that statement may be true, reasonable jurists would still not debate that Mr. Keel rendered adequate assistance of counsel and that there was no reasonable probability that Defendant would have received a lower sentence had Mr. Keel presented life expectancy statistics. See *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Indeed, the only way reasonable jurists could debate that finding is if those jurists read only Defendant's cherry-picked account of the Court's sentencing statements. A full review of the Court's statements at sentencing show that the Court had no objective desire

8

to avoid handing Defendant a de facto life sentence. The Court will therefore deny the motion to amend judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to amend or alter judgment [73] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 20, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
